IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ROGER WILLIAMS,<br><br>  Plaintiff,<br><br>v.<br><br>UNIFIED GOVERNMENT OF ATHENS-CLARKE COUNTY, GEORGIA,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 3:23-cv-00092-CDL<br>)<br>)<br>)<br>)<br>)<br>) |

## CONSENT PROTECTIVE AND CONFIDENTIALITY ORDER

It appearing that discovery in this action may require disclosure by the parties or by third parties of private, confidential, and sensitive information, IT IS HEREBY ORDERED, in accordance with Rule 26 of the Federal Rules of Civil Procedure, that the following provisions shall govern the conduct of discovery in this action:

## SCOPE OF PROTECTIVE ORDER:

This Order applies to all documents and information produced or exchanged in connection with this litigation, whether as part of Initial Disclosures, in response to discovery requests, in connection with settlement discussions, or otherwise. This Order shall be effective retroactively to August 14, 2023.

**1.     Scope**. All documents, materials, or information produced that are designated as "Confidential Information," as provided in paragraph 2 below, will be maintained and treated as "Confidential Information" and utilized only by those persons listed in sub-paragraph 7(b), and for purposes of this action only.

**2.     Confidential Information**. As used in this Protective Order, "Confidential Information" means information that a producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or non-parties. For purposes of this Protective Order, the Parties will limit their designation of "Confidential Information" to the following categories of information or documents:

**(a)**     Personnel files of non-parties, which include personnel compensation, evaluations, disciplinary action, or other private employment information;

**(b)**     Documents containing the names, likenesses, or other identifying information of non-parties, including audio or video files; and

**(c)**     Documents whose disclosure is restricted or prohibited by statute or agreement.

Information or documents that are available to the public may not be designated as Confidential Information.  Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Protective Order.

**3.     Form and Timing of Designation**. A producing party may designate documents as containing Confidential Information and therefore subject to protection under this Protective Order by marking or placing the words "CONFIDENTIAL" ("the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Protective Order, "copies" includes electronic

images, duplicates, extracts, summaries, or descriptions that contain Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Protective Order. Where the marking of each piece of the document is impossible or impractical (such as production of groups of documents in a native form), the producing party shall designate in writing that information or material contains Confidential Information at the time of its production. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as Confidential Information, the designating attorney thereby certifies that the document contains Confidential Information as defined in this Protective Order.

**4.    Objections to Confidential Designation**. If any party objects to the designation of any materials or portion(s) thereof as "Confidential Information," counsel for such party shall notify counsel for the producing or disclosing party. If the matter cannot be resolved by agreement within five (5) business days, the objecting party may apply to the Court for a ruling that the confidentiality designation is overbroad or otherwise unjustified. Until the Court enters an Order changing the confidential designation, the designated materials shall be deemed "Confidential Information" and subject to the restrictions and other provisions of this Protective Order. The Court retains the power to

determine that materials deemed "Confidential Information" should not be treated as such or to modify the terms of this Protective Order for good cause shown.

**5.     Inadvertent Failure to Designate**. In the event any documents or materials deemed "Confidential Information" are inadvertently not so marked or identified, a subsequent confidentiality designation may be made by the producing or disclosing party upon providing written notice to counsel for the other party, subject to any other party's right to object, in accordance with paragraph 4.

**6.     Depositions**.

**(a)     Use of Confidential Information.** This Protective Order shall not preclude counsel for any party from using during any deposition in this action any documents or testimony that has been designated as "Confidential Information" under the terms hereof.  Any deposition witness who is given access to Confidential Information shall be instructed to maintain the confidentiality of the information.

**(b)     Deposition Testimony.** If any question is asked at a deposition that calls for or contains Confidential Information, this contention or objection may not be a basis for the witness not to fully and completely answer the question.  Any party may designate any question and/or answer as Confidential Information during the deposition or subsequently, upon written notice to the other parties, within 21 calendar days after the stenographic court reporter provides the initial transcript to the Parties, and the designating party will notify the stenographic court reporter of the Confidential designation and request that it be incorporated into the final version of the transcript.

**7.    Protection of Confidential Information.**

**(a)    General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals. Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Any person receiving Confidential Information may not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Confidential Information to prevent unauthorized disclosure.

**(b)    Who May View Confidential Information.** Except with the prior written consent of the designating party or prior order of the Court, designated Confidential Information may only be disclosed to the following persons:

(1)    The Parties to this litigation, including any employees, agents, and representatives of the Parties;

(2)    Counsel for the Parties and employees and agents of counsel;

(3)    Authors, addressees, and other recipients of Confidential Information, whose review of the Confidential Information is necessary for the litigation of this action;

(4)    The Court, and court personnel, court stenographic reporters, including any special master appointed by the Court, and members of the jury;

(5)    Private stenographic reporters engaged in depositions incident to the conduct of this action;

(6)    Expert witnesses, outside consultants, vendors, investigators, or mediators retained specifically in connection with this litigation;

(7)  Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such Confidential Information will assist the witness in recalling, relating, or explaining facts or in testifying;

(8)  Insurance companies or other indemnitors of any party that are providing coverage for claims in this matter;

(9)  Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

(10) Other persons only upon the producing party's consent and on such conditions as the Parties may agree.

**(c)    Control of Confidential Information.** The Parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Protective Order.

**(d)    No Waiver.** The production or disclosure of Confidential Information shall in no way constitute a waiver of any party's right to object to the production or disclosure of other information in this action. Nothing in this Protective Order shall operate as an admission by any party or non-party that any particular document or information is, or is not, confidential. Nothing herein will be deemed to waive any privilege recognized by law or deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

8.  **Use of Confidential Information in Motions, Trial, or Hearings.** This order shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial. If

a party seeks to rely upon any evidence covered by this protective order in support of, or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial.  The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion.  The court will closely scrutinize any such requests at that time with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or a trial shall be a public record.  Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file materials under seal just because they are covered by this protective order.

    **9.**    **Obligations on Conclusion of Litigation.**

        **(a)**    **Protective Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Protective Order will remain in effect and binding after conclusion of this litigation.

        **(b)**    **Return of Confidential Documents.** Within 60 days after this litigation concludes by settlement, final judgment, or final order, including all appeals, both Parties shall make commercially reasonable efforts to identify and destroy all Confidential Information supplied by the producing party and all copies thereof (including, without limitation, copies provided to testifying or consulting experts), or upon request of a producing party, return such materials to the producing party at the producing party's expense.  If the Confidential Information is destroyed, counsel shall certify in writing to

the producing party that commercially reasonable efforts have been made to identify and destroy such material.

     **(c)**   **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain any privileged documents or attorney work product, containing or referring to Confidential Information; a complete set of Court filings; records of Court proceedings; correspondence among counsel; deposition transcripts; and exhibits marked at depositions, including an index that refers or relates to designated Confidential Information. Counsel for each party is not required to review and/or destroy any or all emails, electronic documents and/or back-ups that may contain Confidential Information. Instead, counsel is required to maintain such Confidential Information in confidence and consistent with the terms of this Protective Order. No portion of this provision requires the disclosure of attorney work product to any other party or counsel at any time. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose any Confidential Information.

  10.   **Entrance of Protective Order.** The Parties agree that this Protective Order will be submitted to the Court and may be entered by the Court as a protective order.

  11.   **Protective Order Subject to Modification.** This Protective Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter. This Protective Order must not, however, be modified until the Parties have been given notice and an opportunity to be heard on the proposed modification.

**12.**   **No Prior Judicial Determination.** This Protective Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing in this Protective Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the Parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

**13.**   **Jurisdiction.** After termination of this Action, this Court shall retain jurisdiction over the Parties and other persons covered by this Protective Order for enforcement of the provisions hereof.

IT IS SO ORDERED:

s/Clay D. Land
Hon. Clay D. Land
Date: March 8, 2024

STIPULATED TO BY:

| *Attorneys for Plaintiff* | *Attorneys for Defendant* |
|---|---|
| **HKM Employment Attorneys LLP** <br><br> <u>s/Artur Davis</u> <br> Artur Davis <br> Pro hac vice <br> 2024 3rd Ave. North, Suite 307 <br> Birmingham, AL 35203 <br> Direct: 205-881-0935 <br> adavis@hkm.com <br><br> <u>s/Jermaine "Jay" Walker</u> <br> Jermaine "Jay" Walker <br> GA Bar No. 142044 <br> 3344 Peachtree Rd. NE, Suite 800 <br> Office No. #35 <br> Atlanta, GA 30326 <br> Direct: 404-301-4020 <br> jwalker@hkm.com | <u>s/Patrick L. Lail</u> <br> Patrick L. Lail <br> Georgia Bar No. 431101 <br><br> Elarbee, Thompson, Sapp <br> & Wilson, LLP <br> 800 International Tower <br> 229 Peachtree Street, N.E. <br> Atlanta, Georgia 30303 <br> Telephone: (404) 659-6700 <br> Facsimile: (404) 222-9718 <br> E-mail: lail@elarbeethompson.com |